Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Susan E. Cox | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4936 | **DATE** | 3/9/2011 |
| **CASE TITLE** | Mary F. Fredenhagen vs. Michael J. Astrue | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA) [29] is granted. Plaintiff is awarded attorney's fees in the amount of $6,375.51.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Mary Fredenhagen seeks recovery for her attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[1] The Commissioner of the Social Security Administration ("the Commissioner") opposes plaintiff's motion. For the reasons discussed herein, the Court grants the motion and awards attorney's fees totaling $6,375.51.

The Court discussed the facts in detail in our October 4, 2010 Opinion and Order, so we will only briefly restate them here.[2] On June 26, 2006, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[3] She claimed disability on the basis of bipolar disorder, high blood pressure, and Graves' disease. Ultimately, Administrative Law Judge ("ALJ") Kenneth Stewart denied plaintiff's claim for DIB in a written decision dated January 6, 2009. Plaintiff appealed that decision to this Court and, on October 4, 2010, the Court granted summary judgment in favor of the plaintiff and remanded the case to the Commissioner. After the remand, on January 3, 2011, plaintiff timely filed a motion for an award of attorney's fees [dkt 29].

In the motion for summary judgment, plaintiff presented three arguments challenging the ALJ's decision. We agreed with one of those arguments, finding that the ALJ failed to analyze the plaintiff's testimony regarding her fatigue and lack of concentration and how this might impact plaintiff's ability to work.[4] Instead of providing this analysis, the ALJ stated that there was a lack of objective medical evidence supporting her claims of intensity.[5] However, such a determination runs contrary to judicial precedent and Social Security Administration ("SSA") regulations.[6] Therefore, we remanded the case "solely on the ALJ's need to demonstrate the level of consideration he gave plaintiff's subjective complaints of fatigue and difficulty concentrating."[7]

## STATEMENT

A plaintiff is eligible for a reasonable award of fees under the EAJA if: (1) she is a "prevailing party;" (2) the government's position was not "substantially justified;" (3) there are no "special circumstances" that make "an award unjust;" and (4) the fee application "is submitted to the court within 30 days of final judgment and is supported by an itemized statement."[8] The only issue disputed in this motion is whether the Commissioner's position was substantially justified.

To establish that its position was substantially justified, the government must show that it "could satisfy a reasonable person."[9] The government's position does not necessarily have to be correct, but must have "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded."[10] "[T]he closeness of the question is, in itself, evidence of substantial justification."[11] But positions that contradict clear and longstanding judicial precedent and that violate the rulings and regulations of the SSA are not substantially justified.[12] Finally, because the reasonableness analysis involves a "global assessment" of the entire civil action, the government is not automatically justified simply because it prevails on a majority of the issues.[13]

The Commissioner's opposition brief, which we note is just two paragraphs in length, advances two arguments. First, the Commissioner argues that its position was substantially justified because the Commissioner prevailed on two of plaintiff's three arguments. But, as noted above, prevailing on a majority of the issues does not automatically make the Commissioner's position substantially justified,[14] and we must refrain from "argument counting."[15] Instead, the Court examines the Commissioner's entire position, and not how well the plaintiff advanced her theory for remand.[16]

Second, the Commissioner contends that the case was remanded only because of an "inadequate articulation" and that attorney fees are inappropriate in such circumstances. The Commissioner relies on *Cunningham v. Barnhart*, where the ALJ failed to articulate why he rejected the claimant's testimony in spite of objective medical evidence supporting the testimony.[17] Despite this error, the Seventh Circuit found the government's position substantially justified because the ALJ merely "failed to connect all the dots in his analysis."[18]

Here, however, the ALJ did not fail simply to explain why he discounted plaintiff's testimony but, instead, discounted the testimony for an impermissible reason: a lack of objective medical evidence. As we stated in our October 4, 2010 opinion, "to discredit plaintiff's testimony by solely relying on the lack of objective medical evidence is not sufficient."[19] SSA regulations and numerous Seventh Circuit decisions make it clear that an ALJ may not discredit subjective testimony of symptoms on that basis alone.[20]

Finally, we note that plaintiff initially sought attorney's fees in the amount of $5,970.13. In her reply brief, Plaintiff added $405.38 for litigating this motion, for a total of $6,375.51. At no point did the Commissioner object to the reasonableness of the fees sought and, therefore, plaintiff will be granted the full amount. Accordingly, the Court grants plaintiff's motion for attorney's fees in the amount of $6,375.51 [dkt. 29].

1. 28 U.S.C. § 2412(d).

2. *Fredenhagen v. Astrue*, No. 09 C 4936, 2010 WL 3937474 at *1-6 (N.D. Ill. Oct. 4, 2010); dkt. 26.

3. 42 U.S.C. § 405(g).

4. *Fredenhagen*, No. 09 C 4936, 2010 WL 3937474 at *11.

5. *Id.; See Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

6. 20 CFR § 404.1529; *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010).

7. *Fredenhagen*, No. 09 C 4936, 2010 WL 3937474, at *12.

8. 28 U.S.C. § 2412(d)(1)(A)-(B); *U.S. v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir.2000).

9. *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541 (1988); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir.2004) (stating that the government bears the burden of proof for its position).

10. *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir.2006).

11. *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir.1991).

12. *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009).

13. *Hallmark Const., Co.*, 200 F.3d at 1081.

14. *Hallmark Const., Co.*, 200 F.3d at 1081.

15. *See Stewart*, 561 F.3d at 683.

16. *See Henriksen v. Astrue*, No. 07 C 6142, 2009 WL 2588695, at *2-3 (N.D. Ill. Aug. 19, 2009)(stating that, "[t]he locus should not be on how well or poorly the claimant advanced her cause for reversal, but on the justification of the government's position").

17. 440 F.3d 862, 865 (7th Cir. 2006) (citations omitted).

18. *Id.*

19. *Fredenhagen*, No. 09 C 4936, 2010 WL 3937474 at *12.

20. 20 CFR § 404.1529; *see Crosby v. Halter*, 152 F.Supp.2d 955, 960 (N.D. Ill. 2001) (awarding fees in case that was remanded because, among other reasons, the ALJ discounted the claimant's testimony based solely on the absence of objective medical evidence to corroborate the claimant's testimony); *see also Parker*, 597 F.3d at 922; *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009); *Johnson v. Barnhart*, 449 F.3d 804, 806 (7th Cir. 2006).